```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                    CASE NO. 06-20418-CIV-ZLOCH

RAMON SABATIER,

        Plaintiff,

vs.                                              O R D E R

SUNTRUST BANK,

        Defendant.
_____/
```

THIS MATTER is before the Court upon Plaintiff Ramon Sabatier's Motion For Fed. R. Civ. P. 60(b)(6) Relief, Disqualification (DE 81) and Motion To Withdraw Motion For Fed. R. Civ. P. 60(b)(6) Relief, Disqualification (DE 117). The Court has carefully reviewed said Motions and the entire court file and is otherwise fully advised in the premises.

The instant Motion To Withdraw (DE 117) was filed after the handwriting has long been on the wall for Plaintiff's Counsel. His conduct in this and other actions before this Court has been beyond the pale. The argument set forth in the Motion To Withdraw is disingenuous in all respects. It is clear that the expert report commissioned by Loring Spolter, Esq. was a straw man set up to fail. As is stated by Magistrate Judge Rosenbaum in her Report (DE 110), this should have been obvious to him even before hiring the expert. DE 110, pp. 49-54, 68-71. It is clear that he seeks to withdraw the Motion For Recusal (DE 81) only in hopes of escaping the sanctions that the very filing of that Motion demand. The matter of Plaintiff's Counsel's conduct and any sanction made necessary thereby will be

taken up by separate Order; however, the instant Motion To Withdraw will be granted in hopes that the merits of this action will finally be concluded, if only belatedly so.  The bulk of this Order is entered for the benefit of the Parties and any reviewing court to fully set forth the Court's reasoning in making its ruling at the summary judgment stage (DE 69) and why Plaintiff's Motion For Recusal (DE 81) was completely devoid of merit.

Plaintiff's Motion (DE 81) addresses his desire to have me recuse myself from his case, despite the fact that this case has been closed for several months: a Mandate (DE 80) was handed down in January affirming the granting of Defendant's Summary Judgment Motions. In the Motion he raises several contentions in support of this argument, but they can be distilled down to two categories. The first is my Catholic faith, the education of some of the law clerks I have hired, and my association with the Federalist Society. The second is his allegation that I have manipulated the case assignment system in this District to ensure that I receive a higher percentage of cases filed by Loring Spolter, his attorney. I am to have accomplished this in one of two ways: either by directing that the logarithm that assigns cases on a blind, random basis be manipulated, or by directing clerk's office personnel to direct the assignment of Counsel's cases to me during the intake process, thereby circumventing altogether the computer's random assignment. These accusations are fantastic and a good argument can be made for dismissing them out of hand and not taking the time and effort to address them. But for the sake of the Record and any

2

reviewing court's analysis of this Court's decision, the Court will set forth precisely why recusal is not warranted.

Plaintiff has made much of the undersigned's decision not to refer this matter to the Chief Judge of this District and let him decide whether recusal is warranted. As to this point: there is no requirement that the undersigned refer a motion to recuse to another Judge of this District. See Cheney v. U.S. Dist. Court for Dist. of Columbia, 541 U.S. 913, 915 (2004) (Scalia, J.) (Mem.). On its face, § 455 requires the judge assigned to a case and who is the subject of a motion to recuse to decide the matter. 28 U.S.C. § 455(a) ("Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.") (emphasis added); see also Liteky v. United States, 510 U.S. 540, 548 (1994) (noting that § 455 "place[s] the obligation to identify the existence of [grounds for recusal] upon the judge himself"). That is both the effect of the statute and the practice of the Judges in this District: "In the Southern District of Florida the practice is to refer such motions, if referred, to the Chief Judge." United States v. South Fla. Water Management Dist., 290 F. Supp. 2d 1356, 1359 n.1 (S.D. Fla. 2003) (citation omitted) (emphasis added); see also United States v. Craig, 853 F. Supp. 1413, 1415 (S.D. Fla. 1994) ("[T]he challenged judge may either opt to refer the matter to another judge for decision or rule on it himself.") (citations omitted).  In fact, as recently as this year the Eleventh Circuit has upheld it as proper for a Judge to rule upon a motion to recuse before him. In re Evergreen Security, Ltd., ___ F.3d ___, 2009

WL 1622386 (11th Cir. June 11, 2009). In In re Evergreen, the Eleventh Circuit noted that "judges routinely preside over motions for their own recusal. For example, Justice Scalia presided over a motion to recuse him in a case before the United States Supreme Court." Id. at *17 (citing Cheney, 541 U.S. at 913).

Despite the protests of Plaintiff's attorney, the Court would have ruled on the Motion To Recuse. Beyond the fact that referring the motion to another judge is not required, in this case ruling on the Motion would have been particularly easy: the first basis for recusal has been decided by two prior panels of the Eleventh Circuit, and the second basis for recusal is as fantastic and meritless as it is scandalous. To understand the Court's position on this, it is important to understand the history of Plaintiff's Counsel's filing motions to recuse against the undersigned.

In this case, Sabatier v. Suntrust Bank, Case No. 06-20418-CIV-ZLOCH, Plaintiff Ramon Sabatier filed suit against his former employer Suntrust Bank, alleging that it retaliated against him for making a claim under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. At the summary judgment stage in that case, the Court found that no genuine issues of material fact remained for the jury to decide and entered judgment for Suntrust. While Defendant Suntrust Bank's Motion For Summary Judgment was pending, Plaintiff filed a Motion To Recuse. Case No. DE 59. In it, he claimed that because the Court had handed down some adverse rulings against his client, Plaintiff in this case, Renee Bettis, the Court was prejudiced against Plaintiff's Counsel and all his clients. The root of this illicit prejudice was the

4

undersigned's "extreme religious and political beliefs." Id. p. 1. For 110 pages of court filings, Plaintiff's Counsel set out how being Catholic, having several law clerks who are educated at a Catholic law school, and being associated with the Federalist Society led to the conclusion that the undersigned held personal animus against Plaintiff Sabatier and his Counsel.

Besides being offensive, the Motion was meritless. A Judge's personal religious beliefs have no bearing on the recusal standard. Macdraw Inc. v. CIT Group Equip. Fin. Inc., 994 F. Supp. 447 (S.D.N.Y. 1997), aff'd 138 F.3d 33, 37 (2d Cir. 1998) ("Courts have repeatedly held that matters such as race or ethnicity are improper bases for challenging a judge's impartiality."). In fact, "the law will not suppose a possibility of bias or favour in a judge, who is already sworn to administer impartial justice, and whose authority greatly depends upon that presumption and idea." Aetna Life Ins. Co. v. Lavoie, 475 U.S. 813, 820 (1986) (quoting 3 W. Blackstone, Commentaries *361). And the fact that Plaintiff's Counsel spent untold hours on Google looking for every fact about my personal affiliations and those of my clerks speaks more of him than it does the information he found. As such, his Motion was denied.

On appeal, the Court's ruling on summary judgment was affirmed. Sabatier v. SunTrust Bank, 301 Fed. Appx. 913 (11th Cir. 2008); DE 80 (Mandate of the Court of Appeals). On appeal, Sabatier also argued that the Court was in error for denying his Motion to Recuse; he cited the same facts as in his original Motion. The Eleventh Circuit rejected his argument, stating: "[w]e also see no abuse of discretion

in the district court's decision to deny Sabatier's motion to recuse." Id. at 915. Absent an appeal en banc or to the Supreme Court, and there was none, the Eleventh Circuit's ruling is the final word on that point.

At the same time the Motion To Recuse was filed in this case, in another case involving Plaintiff's Counsel Renee Bettis was in the midst of repeatedly failing to comply with the Court's Orders. After misrepresenting facts, failing to meet with opposing counsel, and failing to file her contribution to the Pre-Trial Stipulation on time, the Court dismissed her suit, without prejudice. DE 122. On appeal, she raised the issue of my recusal from her case, citing again, my Catholic faith, the education of some my law clerks, and my association with the Federalist Society. Again the Eleventh Circuit, by a separate three-judge panel, rejected this argument as supplying a basis for recusal. It noted that "Bettis has established no bias-or even an appearance of bias. Moreover, a review of the record establishes that the court was even-handed in resolving the motions before it." Bettis v. Toys "R" Us, Inc., 273 Fed. Appx. 814, 820 (11th Cir. 2008) (Opinion of the Eleventh Circuit). The Eleventh Circuit went on to note that "[Bettis] is attempting to create an appearance of impropriety to further her request for recusal and reassignment. There is no appearance of impropriety." Id. at 820. The case was then remanded for the Court to consider lesser sanctions for Plaintiff's conduct. Toys-R-Us's Motion For Summary Judgment was eventually granted, and judgment was entered in favor of Defendant. After the Court entered Judgment in Bettis, this instant Motion followed.

While Sabatier and Bettis were on appeal, Plaintiff Sonya Gossard

sued her former employer JP Morgan; she is represented by the same attorney as Bettis and Sabatier. And her case was assigned to the undersigned. Gossard v. JP Morgan Chase & Co., Case No. 08-60107-CIV-ZLOCH. In her Complaint, she claimed that she was discriminated against on a variety of bases. The case was pending for less than a month when she filed a Notice of Voluntary Dismissal. Case No. 08-60107, DE 3. That same day, she re-filed the Complaint in State Court, where it was later removed by Defendant and assigned to the Honorable William P. Dimitrouleas.  Pursuant to Internal Operating Procedure 2.15.00, Judge Dimitrouleas transferred the case to me.  Case No. 08-60565-CIV-ZLOCH, DE 2.

Defendant eventually moved for summary judgment, and the Court found that no genuine issues of material fact existed for a jury to determine and entered Judgment in favor of Defendant. See Id. DE Nos. 59 & 60. After Judgment was entered in Bettis and Gossard, and six months after the Mandate was handed down in Sabatier, Gossard also filed a Motion For Reconsideration, which again raised as a basis for reconsideration my failure to recuse despite my Catholic faith, some of my law clerks' education, and my connections to the Federalist Society. DE 156. A similar Motion was filed in all four of Plaintiffs' Counsel's cases that have been spoken about in this ongoing saga.[1]

This time the Motions had an added twist: Plaintiff now claimed

---

[1] An identical Motion has been filed in each of the above-styled causes. Renee Bettis v. Toy-R-Us, Inc., Case No. 06-80334-CIV-ZLOCH (DE 156); Gossard v. JP Morgan Chase & Co., Case No. 08-60565-CIV-ZLOCH (DE 61); Sabatier v. Suntrust Bank, Case No. 06-20418-CIV-ZLOCH (DE 81); Paul v. D & B Tile of Hialeah, Inc., Case No. 09-60259-CIV-ZLOCH (DE 3).

7

that I had rigged the blind, random case assignment system for cases filed in the Southern District of Florida so that I would receive a disproportionate number of Plaintiff's cases. See DE 156, pp. 13-20. Before venturing into the second basis for recusal, the alleged rigging of the case assignment system, it is important to briefly address Plaintiff Counsel's repeated basis for recusal: my Catholic faith, some of my law clerks' education, and my association with the Federalist Society. The actual argument will not be dignified by comment of Court. But the fact that it is being re-litigated does need to be addressed.

In this case Plaintiff's Counsel previously raised the issue of my faith and political beliefs, and I found that it did not give rise to grounds for granting a Motion To Recuse. DE 61. The same issue was then raised on appeal, and by two separate panels of the Eleventh Circuit, it was found to be meritless. To continue to argue this point is to ignore the authority of this Court and the Eleventh Circuit. The issue has been well-settled in federal court: a judge's faith is not a basis for recusal. MacDraw Inc., 994 F. Supp. 447 (S.D.N.Y. 1997), aff'd 138 F.3d at 37 (2d Cir. 1998). And it is the Law Of The Case in Bettis and Sabatier that my faith and my politics are not a basis to recuse. If Plaintiffs feel that the rulings are in error, they should appeal them en banc or to the Supreme Court. But avoiding a reviewing court's determination by raising an already decided issue in a lower court is, to say the least, improper.

There is a second argument that Plaintiff's Counsel raises in the Motions To Recuse: the alleged rigging of the case assignment system. This is no small accusation. Plaintiff's Counsel claims that I took

deliberate steps to either have the electronic case assignment system give me a disproportionate amount of Mr. Spolter's cases, or employment cases in general. His alternate theory is that I instructed the intake personnel to bypass the case assignment computer-system and have the Clerk's office directly assign to me cases filed by Mr. Spolter. These claims are normally found in pro se filings and do not get past an initial screening.  28 U.S.C. § 1915(e)(2)(B)(i).

But in this case and all those that the near-identical motion was filed in, it was done by an Officer of the Court and certified under Rule 11. Mr. Solter also provided a Report from a statistical Expert, a mathematics professor, which supports his conclusion that the case assignment system was rigged. On top of that, Plaintiff's Counsel sat down with a local tabloid to have a story run concerning his allegations. John Pacenti, *Lawyer Says Statistics Prove He's Been Treated Unfairly*, Daily Business Review, Jun. 8, 2009, at A1. His Motions To Recuse also sought a public airing of his accusation that the case assignment system was rigged.  And the Court obliged.

In an effort "to fully develop the record in these cases, to ensure the Parties' and the public's confidence in an honest and independent judiciary, and to determine the truth of the matters at issue," the I referred the matter to United States Magistrate Judge Robin S. Rosenbaum for an evidentiary hearing. And I directed that all Clerk's office personnel who handled Plaintiffs' cases be made available for Plaintiffs' Counsel to examine and that Plaintiffs were free to call whatever witnesses they chose in order to substantiate

9

their allegations. The only exception was the undersigned, who according to Federal Rule of Evidence 605, could not be called upon as a witness. A hearing was held over two days, and Mr. Spolter called an Expert who testified about the fact that it was statistically impossible that I would receive as many of Mr. Spolter's cases as I had, if the District used a blind, random case assignment system.

The problem with the Expert's conclusion was that Mr. Spolter did not tell him all the variables that go into the District's case assignment system. The case assignment system is not a pure blind, random system; it is a weighted blind, random system. As explained thoroughly in Judge Rosenbaum's Report, the Expert's thesis was flawed, and when faced with an accurate picture of the case assignment system he recanted it on the stand. DE 110, p. 51. Mr. Spolter had no other evidence to support his accusation that I had rigged the case assignment system, and Magistrate Judge Rosenbaum found that there was no evidence to support Mr. Spolter's accusations. Id. p. 60.

The fact that Mr. Spolter had no evidence to support the accusations made in his motion is one thing; and it will be dealt with by separate Order. But the issue on the point when a judge should recuse himself is whether "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the Judge's impartiality." Parker v. Connors Steel Co., 855 F.2d 1510, 1524 (11th Cir. 1988). Here, Mr. Spolter couches his accusations in terms of what an objective, disinterested observer would believe in light of his

Expert's Report. DE 81. But that is not the standard. The standard is "a lay observer <u>fully informed</u> of the facts underlying the grounds for recusal." <u>Parker</u>, 855 F. 2d at 1524. A fully informed individual would know that Mr. Spolter gave his expert an incomplete set of data and that he provided inaccurate data for him to analyze. And Mr. Spolter did this, while he was fully informed of the fact that the case assignment system was not a pure, blind and random system. The case assignment system is a complex logarithm that takes into account many factors, many of which Mr. Spolter was on notice of both through the text of the Local Rules and the Internal Operating Procedures of this District, and through a letter sent to him by Steven Larimore, Clerk of the Court. DE 110, pp. 65-67. All of this was known to Mr. Spolter before he had his statistical report prepared, yet he chose to ignore rather than provide his Expert with an accurate assessment of how cases are assigned.

Disqualification should be granted where a judge would harbor any doubt concerning whether his continuing to preside is appropriate. <u>Parker</u>, 855 F.2d at 1524 (citing <u>United States v. Alabama</u>, 828 F.2d 1532, 1540 (11th Cir. 1987)). Thus, disqualification under 28 U.S.C. § 455(a) is possible where no actual partiality, bias or prejudice for or against a party exists. This does <u>not</u> mean, however, that recusal is warranted anytime a party cries "foul!" in front of a judge he does not like. "The decision whether a judge's impartiality can reasonably be questioned is to be made in light of the facts as they existed, and not as they were surmised or reported." <u>Cheney</u>, 541 U.S. at 914

11

(Scalia, J.) (Mem.). A review of the rulings adverse to Mr. Spolter's clients will show that there were merits-based reasons, and merits-based reasons alone, for entering them. Because no person fully informed of the facts giving rise to Mr. Spolter's claim could have a doubt about my impartiality, the Court would have denied Plaintiff's Motion For Recusal.

For all these reasons, the Court would have ruled that, with the exception of changing the style of the judgment, the Motion For Recusal would be denied. However, as stated above, Plaintiff is withdrawing that Motion. While the grounds asserted therefor are indisputably dishonest and self-serving, the Court will grant the instant Motion To Withdraw.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff Ramon Sabatier's Motion To Withdraw Motion For Fed. R. Civ. P. 60(b)(6) Relief, Disqualification (DE 117) be and the same is hereby **GRANTED;** and

2. Plaintiff's Motion For Fed. R. Civ. P. 60(b)(6) Relief, Disqualification (DE 81) be and the same is hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___7th___ day of August, 2009.

                                                         */s/ William J. Zloch*
                                                      WILLIAM J. ZLOCH
                                                      United States District Judge

Copies furnished:
All Counsel of Record